IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DECLAN J. GILBRETH                                                                    PLAINTIFF

v.                                    Civil No. 2:25-CV-02160-MEF

FRANK BISIGNANO, Commissioner,
Social Security Administration                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This is an action for judicial review brought pursuant to 42 U.S.C. § 405(g).  (ECF No.

2).  The parties have consented to the exercise of jurisdiction by the undersigned for all purposes

in the case pursuant to 28 U.S.C. § 636(c).  (ECF No. 5).  Presently before the Court is the

Commissioner's unopposed Motion to Dismiss, filed on March 6, 2026, which seeks dismissal of

the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 14).

Plaintiff has not filed a response, and the time for doing so has expired.  *See* Local Rule 7.  The

Court has fully considered the issues and, for the reasons discussed below, the Commissioner's

Motion to Dismiss is GRANTED and the Complaint is DISMISSED with prejudice.

### I.      PROCEDURAL HISTORY

On August 5, 2022, Plaintiff filed an application for child disability benefits under Title II

of the Social Security Act, § 42 U.S.C. §§ 401-403.  (ECF No. 14-1, p. 8).  Following a hearing

on October 8, 2024, an ALJ issued a written decision dated October 24, 2024, denying Plaintiff's

claim for benefits, and mailed a copy of the decision to Plaintiff and to his attorney

representative.  (*Id.,* pp. 3, 5-25).  Plaintiff requested review by the Appeals Council on

November 25, 2024, and his attorney representative submitted a brief on December 10, 2024.

(*Id.*, pp. 3, 26-30).  In a notice dated September 30, 2025, the Appeals Council informed Plaintiff

and his attorney that it had denied review and that the ALJ's determination, therefore, was "the final decision of the Commissioner" in the matter. (*Id.*). The notice also set forth the procedural requirements for obtaining further review of the final decision in a court of law. It specified:

**Time To File a Civil Action**

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. Please put the Social Security number(s) on your request. We will send you a letter telling you whether your request for more time has been granted.

(ECF 14-1, p. 27).

On December 5, 2025, Plaintiff initiated this action by filing a two-page Complaint, alleging that the Commissioner's decision "is not supported by substantial evidence and applies an erroneous standard of law." (ECF No. 2, p. 1-2). On March 6, 2026, the Commissioner filed the instant Motion to Dismiss, asserting that Plaintiff's Complaint fails to state a claim because it runs afoul of the 60-day limitations period in 42 U.S.C. § 405(g). In support of his Motion, the Commissioner has submitted the declaration of Lesha Cowell, which principally serves to place relevant items from the administrative record before the Court—namely, the ALJ's decision and the Appeals Council's notice of denial.[1]   As noted, Plaintiff has not contested the Commissioner's motion.

---

[1] Cowell is Chief of Court Case Preparation and Review Branch 4 of the Social Security Administration's Office of Disability Adjudication. Cowell Dec. at 1. She states that she is responsible for processing of claims under Title II of the Social Security Act when civil actions are filed in Arkansas and that the file in Plaintiff's case shows the pertinent details in the Appeals

## II.    APPLICABLE LAW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)).  Here, the Commissioner does not directly challenge the adequacy of Plaintiff's allegations to state a claim that substantial evidence does not support the disability decision.  Rather, the Commissioner asserts that Plaintiff has no actionable claim because he failed to file his Complaint within the sixty-day period prescribed by 42 U.S.C. § 405(g).

This statute provides, in pertinent part, that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party … may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).  Regulations further specify that when the Appeals Council has denied review, the decision of the ALJ becomes binding unless the claimant files a civil action within sixty days of receiving the Appeals Council's notice of denial.  *See* 20 C.F.R. § 422.210(a)-(c).  Absent a reasonable showing to the contrary, there is a presumption that a claimant received the notice of denial five days after the date of the notice.  *Id.*, § 422.210(c).

The Supreme Court has construed the sixty-day restriction for commencing a civil action under 42 U.S.C. § 405(g) to be a statute of limitations, waivable pursuant to Rule 8(c) of the Federal Rules of Civil Procedure.  *See Mathews v. Eldridge*, 424 U.S. 319, 328 (1976) (citing

---

Council Notice and the ALJ Opinion, which are submitted as Exhibits 1 and 2 to the Declaration. (ECF No. 14-1, pp. 3-4, 5-30).

Fed. R. Civ. P. 8(c) and *Weinberger v. Salfi*, 422 U.S. 749, 763-764 (1975)). As such, it is an affirmative defense which "is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008) (citing *Varner v. Peterson Farms*, 371 F.3d 1011, 1017-1018 (8th Cir. 2004) (dismissing claims under Rule 12(b)(6) where allegations in complaint ruled out tolling of limitations period)).

Importantly, the Eighth Circuit has noted that, "[t]hough matters outside the pleadings may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." *Zean v. Fairview Health Services*, 858 F.3d 520, 526 (8th Cir. 2017) (quotations omitted). Thus, when considering whether a complaint establishes a limitations defense, courts may consider, *inter alia*, matters that are integral to the claim and items appearing in the record of the case without converting a motion to dismiss under Rule 12(b)(6) into one for summary judgment. *See Miller v. Redwood Toxicology Laboratory, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (listing items that may properly be considered and citing 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1357 (3d ed. 2004)). Under this principle, this Court considers the authenticated portions of the administrative record—namely, the Appeals Council Notice and the ALJ Opinion—when resolving the limitations issue in this case because these materials are necessarily embraced by the Complaint. *See Shaver v. Astrue*, 783 F. Supp. 2d 1072, 1077 (N.D. Iowa 2011) (relying on authenticated portions of the administrative record when resolving limitations issue, noting such materials are embraced by the complaint). Plaintiff's Complaint challenges the ALJ's decision on the ground that, contrary to 42 U.S.C. § 405(g), it is not supported by substantial evidence on the record of his proceeding. (ECF No. 2, p.1). Further, the statute makes clear that judicial review of the Commissioner's final decision

entails consideration of the findings of the Commissioner in the transcript of the record.  *See generally* 42 U.S.C. § 405(g).

### III.    DISCUSSION

Here, the Commissioner's limitations argument hinges on two material facts: (1) that the Appeals Council's Notice September 30, 2025, and the five-day presumption set forth in 20 C.F.R. § 422.210(c), required Plaintiff to commence this action by December 4, 2025; and (2) his Complaint was not filed until December 5, 2025.  (ECF No. 14, pp. 1-5).  The Notice explained that the Appeals Council would assume Plaintiff received it five days after the date on the Notice unless Plaintiff showed that he did not receive it within that 5-day period. (*Id.*). The Appeals Council also notified Plaintiff that if he could not file for court review within sixty days, he could ask the Appeals Council to extend his time to do so.  (*Id.*).  As noted, Plaintiff has not responded to the Commissioner's motion and, thus, has presented no evidence or argument to show that he did not receive the Notice within five days of its date; therefore, the presumption that he received it by October 5, 2025, is unrebutted, and Plaintiff was required to file his Complaint no later than December 4, 2025.  He did not file his Complaint until December 5, 2025, and he has offered no response explaining his failure to do so.  Thus, viewing the facts in the light most favorable to Plaintiff, the Court finds that this action was filed too late and must be dismissed.

Such an outcome may seem harsh, but Plaintiff has offered no justification whatsoever for excusing the limitations bar.  The Court is obligated to "strictly construe" § 405(g)'s sixty-day provision, which Congress enacted in order "to move cases to speedy resolution in a bureaucracy that processes millions of claims annually."  *Bowen v. City of New York*, 476 U.S. 467, 479, 481 (1986).  That is so even where, as here, a Social Security plaintiff misses the sixty-

day deadline by one day. *See e.g. Cook v. Commissioner,* 480 F.3d 432, 437 (6th Cir. 2007) ("Although allowing [the claimant] to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system.").

Accordingly, the Court concludes that Plaintiff's Complaint is untimely and must be dismissed with prejudice.

## IV.    CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 14) is **GRANTED** and Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED this 13th day of April 2026.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

6